UNITED STATES of America ex rel.
Hugh J. ADDONIZIO, Petitioner,

v.

Floyd E. ARNOLD, Warden, Federal Penitentiary, Lewisburg, Pennsylvania,
Respondent.

Civ. No. 75–856.

United States District Court,
M. D. Pennsylvania.

May 3, 1976.

Michael Edelson, Hellring, Lindeman & Landau, Newark, N.J., Louise O. Knight, Clement & Knight, Associate Counsel, Lewisburg, Pa., for petitioner.

S. John Cottone, U. S. Atty., Scranton, Pa., Joseph F. Cimini, Asst. U. S. Atty., Lewisburg, Pa., for respondent.

## MEMORANDUM

HERMAN, District Judge.

Before the court is a petition for a writ of habeas corpus on behalf of Hugh J. Addonizio, a federal prisoner presently incarcerated at the Lewisburg Farm Camp. The petition represents a due process challenge to the utilization of a "special offender" designation by the Bureau of Prisons in petitioner's case. Petitioner requests that a writ issue discharging him from federal custody or, alternatively, expunging from his files all "special offender" classification notations unless and until he is afforded a hearing on the facts underlying that determination. An evidentiary hearing on the petition has been held.

Petitioner first asserts that because of the special offender designation he cannot be transferred to another institution without the approval of the Central Office of the Bureau of Prisons. The respondent does not deny this.

Next, petitioner avers that his requests for reduced custody status were denied due to the special offender designation.[1] However, we find, based on the record before us, that Addonizio's requests for reduced custody status were denied because of the length of his sentence and the time remaining to be served, not by his designation as a special offender. Likewise, we reject his contention that furloughs were denied him based on the special offender notation in his files. The testimony at the hearing established that petitioner's furlough requests were denied because of his custody status at the time, which was medium. It was stated at the hearing that Bureau of Prison's policy precludes social or regular furloughs except for those in minimum custody. As petitioner did not qualify for minimum custody at the time, he also did not qualify for

---

1. At some time prior to the hearing in this case, petitioner was transferred to the Lewisburg Farm Camp and is presently under minimum custody.

furloughs.[2] There is nothing in the record supporting the argument that the furlough denials were attributable to the special offender designation.

The final adverse consequence allegedly flowing from the characterization of Addonizio as a special offender involves the denial of his parole application. On this question, a brief factual background is in order. On June 2, 1975, petitioner appeared before an examiner panel of the Board of Parole. Pursuant to 28 C.F.R. Section 217, the panel referred petitioner's application for parole to the Regional Office.[3] The Regional Office forwarded the matter to a three-man panel of the National Board which denied Addonizio's application on July 8, 1975.[4] On appeal to the full National Board the denial of petitioner's parole was affirmed. Therefore, petitioner has exhausted his administrative remedies.

Petitioner contends that his parole application was denied because of his "special offender" designation. He finds support for his argument in the reasons given for denial of parole, which include the statement that his offense was "part of a large scale or organized criminal conspiracy" (see n.4). Although it is undoubtedly true that the Bureau of Prisons in designating Addonizio a "special offender" considered the same or similar underlying facts as did the Board of Parole, it does not follow that the Board's decision was based on the Bureau's designation. The factors upon which either the Board or the Bureau could have acted are found in *United States v. Addonizio,* 451 F.2d 49 (3d Cir. 1972), which summarizes the evidence adduced by the government at petitioner's trial, which resulted in his conviction.

Furthermore, there was testimony at the hearing in this case that a "special offender" designation does not enter into the decision-making considerations undertaken by parole examiners. We find that to be the case. In accord, *Mallory v. United States Attorney General,* Civil No. 75–1286 (M.D. Pa., filed January 29, 1976).

To summarize, we conclude that petitioner's designation as a "special offender" did not impede his efforts to attain reduced custody, furloughs, or parole. The designation does require that interinstitutional transfers, requests for community treatment and furloughs be approved by the Central Office.

■ We are faced with decisions, in this district and elsewhere, holding that a "special offender" designation may result in "grievous loss" sufficient to warrant due process protection. *Cardaropoli v. Norton,* 523 F.2d 990 (2d Cir. 1975); *Catalano v.*

---

2. The respondent agrees that the Central Office of the Bureau of Prisons has the final say in approving furloughs for "special offenders". In Addonizio's case, it appears that with one exception his furlough requests were denied at the institution level without being submitted to the Central Office. The one exception involved a congressman who requested a furlough on Addonizio's behalf.

3. Petitioner claims that the panel's referral decision, which invokes what is termed the original jurisdiction of the Regional Directors, was founded on the "special offender" designation. We find, however, that the referral was predicated on the panel's conclusion that Addonizio had been an elected public official and that his trial received National attention. Thus, the panel's action in this regard was consistent with Board of Parole regulations. *See,* 28 C.F.R. Section 2.17(b)(3) (1975). In any event, the "original jurisdiction" procedure does not result in prejudice, it being merely an adminis-

trative procedure. *See, United States ex rel. Thompson v. Levy, Et Al.,* Civil No. 75–1478 (M.D.Pa., February 28, 1976).

4. The Notice of Action provides the following reasons for the Board's denial of Addonizio's parole application. "Your offense behavior has been rated as very high severity. You have a salient factor score of 11. You have been in custody a total of 39 months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of 26–36 months to be served before release for cases with good institutional program performance and adjustment. After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration appears warranted because the offense was part of a large scale or organized criminal conspiracy. Further, the offense behavior consisted of multiple separate offenses."

*United States,* 383 F.Supp. 346 (D.Conn. 1974); *United States of America ex rel. Ponzio v. Arnold, Et Al.,* Civil No. 75–1394 (M.D.Pa., filed April 16, 1976); *Fanelli v. Jensen,* Civil No. 75–1026 (M.D.Pa., filed February 27, 1976); *Raia v. Arnold,* 405 F.Supp. 766, (M.D.Pa., filed July 7, 1975); *Salli v. United States,* Civil No. 75–595 (M.D.Pa., filed August 8, 1975). The above-cited cases hold that sufficiently adverse consequences flow from a "special offender" designation as to justify due process protection. Although the record before us does not reveal that Addonizio suffered any significant deprivations attributable to the designation, we are constrained to agree that the prospect of marked changes in an inmate's status due to the designation require procedural safeguards. Having found that process is "due", we adopt as our own the specific procedural safeguards set forth in *Raia v. Arnold, supra.*

An appropriate order will be entered.

## ON MOTION TO ALTER OR AMEND

Before the court is respondent's motion pursuant to Federal Rules of Civil Procedure 52(b) and 59(c) to alter or amend this court's conclusions of law set forth in our memorandum and order of May 3, 1976. Respondents' motion, together with a brief in support thereof, was filed on May 14, 1976, and to date petitioner has failed to respond.

Essentially respondent seeks to have this court's memorandum and order of May 3, 1976 amended to accept and adopt the Federal Prison System's new procedures reflected in the "Central Monitoring Case" designation and embodied in Policy Statement No. 7900.53 and its operations memorandum, No. 7900.52 dated April 7, 1976, in lieu of the safeguards outlined in the case of *Raia v. Arnold,* 405 F.Supp. 766 (M.D.Pa. 1975). Respondent states that on April 7, 1976, during the pendency of the instant action challenging the procedures utilized by the Federal Bureau of Prisons in designating an inmate within the "special offender" cases, the "Central Monitoring Case" classification with more formal procedures replaced the prior "Special Offender" policy provided for in former Policy Statement No. 7900.47. The revised statement No. 7900.53 specifically cancels the former directive and provides, *inter alia,* that recommendations for "Central Monitoring Case" designations by the institution are to be referred to the Bureau's Central Office for confirmation, with sufficient notice and opportunity to challenge the recommendation to be afforded to the inmate before the referral is made. The procedures set forth in Policy Statement No. 7900.53 are, in pertinent part, as follows:

"(1) The inmate is advised in writing that he or she is to be so designated and advised of the reason(s). In advising of the reasons, however, care must be taken so as to not compromise security or safety.

"(2) The inmate is given the opportunity to respond and object to the designation if he or she desires to do so. His or her response may be made orally to the person designated by the Chief Executive Officer to supervise this program, and he or she may also submit written information. If the inmate indicates that the information must be obtained from outside the institution, he or she may be given a reasonable time (ordinarily not to exceed 30 days) to provide it.

"(3) The institution forwards to the Central Office complete information justifying the Central Monitoring Case designation, including a summary of the inmate's objections and a copy of all written material submitted by the inmate, under (2) above.

"(4) The Central Office notifies the institution and the inmate of the decision. The inmate is also advised that he or she may appeal the decision directly to the General Counsel in the Central Office through the Administrative Remedy procedures,

without first appearing through the institutional and regional levels."

While the procedures set forth in the new policy statement are not coextensive with the procedures outlined in *Raia v. Arnold, supra,* and do not afford the prisoner the right either to call witnesses in his behalf, to have retained counsel or counsel-substitute, or to confront and cross-examine those furnishing evidence against him, respondents maintain that the procedures are sufficient to comply with minimum due process requirements under the circumstances.

 In view of the recent Supreme Court decisions delineating the minimum procedural safeguards under the Fourteenth Amendment in the context of various State Prison disciplinary and administrative proceedings where a criminal defendant has been duly convicted and incarcerated in a correctional institution, we agree. *Cf., Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976); *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Certainly the safeguards afforded to the residuum of liberty retained by federal prisoners under the Due Process Clause of the Fifth Amendment, in the context of prison administration and classification procedures, are available to the same extent and in the same manner as those afforded state prisoners under the corresponding provisions of the Fourteenth Amendment. *Cf., United States ex rel. Neal v. Wolfe,* 346 F.Supp. 569, 573 (E.D.Pa. 1972); *Lebowitz v. Forbes Leasing and Auto Corp.,* 326 F.Supp. 1335, 1354 (E.D.Pa. 1971), *aff'd,* 456 F.2d 979 (3d Cir. 1972), *cert. denied,* 409 U.S. 843, 93 S.Ct. 42, 34 L.Ed.2d 82 (1972); *Schlesinger v. Ballard,* 419 U.S. 498, 500, 95 S.Ct. 572, 574, 42 L.Ed.2d 610, 613 n.3 (1975). Accordingly, respondent's motion will be granted and our memorandum and order of May 3, 1976 will be amended to the extent that the specific procedural safeguards set forth in *Raia v. Arnold, supra,* and previously required in the classification of "Petitioner" as a "Special Offender" by this court do not conform to the procedures promulgated in Policy Statement No. 7900.53, April 7, 1976, for "Central Monitoring Cases" generally which we will now adopt.

An appropriate order will be entered.